# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                      No. 4:12CR00097 JLH

KELLI JO BROCK,
a/k/a Kelli Jo Craig                                                                    DEFENDANT

## ORDER

On the 6th day of November, 2013, the Court conducted a pretrial hearing. The defendant, Kelli Jo Brock, appeared in person and through her lawyers, Mark F. Hampton and John C. Collins, II. The government appeared through Assistant United States Attorneys Anne E. Gardner and Patricia Sievers Harris.

The first issue was whether to admit into evidence the letter that precipitated the investigation by the United States Postal Service that resulted ultimately in the charges against Brock. As stated on the record, the letter, itself, will not be admitted into evidence. An agent for the postal service may, however, testify that the postal service began an investigation after being provided a letter apparently threatening Brock in relation to an event in July of 2009 in which Brock claimed that she was attacked in her home and shot in the thigh. Therefore, as stated on the record, the defendant's motion in limine No. 1 is GRANTED. Document #19.

The second motion is the defendant's motion in limine No. 2 and request for a *Daubert* hearing. The parties agreed that the *Daubert* hearing could be conducted during the trial out of the presence of the jury, and the Court will do. Defendant's motion in limine No. 2 will remain under advisement until the Court conducts the *Daubert* hearing. Document #20.

The United States also filed a motion in limine, arguing first that the defendant should be prohibited from testifying about any witness's prior arrests that did not result in convictions and any misdemeanor convictions; that the defendant should not be allowed to go into the supervision file of the victim, Robert Frederickson; and that the defendant should not be allowed to question any witnesses about voice stress analysis truth verification technique. Defense counsel stated that he did not intend to inquire about any misdemeanor convictions, Frederickson's supervision file, or voice stress analysis. Therefore, the motion in limine is GRANTED with respect to those issues. Document #21.

Robert Frederickson, the victim in this case, was charged with possession of methamphetamine in Franklin County, Texas, in April of 2004. Those charges resulted in a deferred adjudication, with Frederickson being supervised for ten years. Frederickson was charged in Arkansas with assaulting Brock in July of 2009; he went to trial in 2010; and he was acquitted. If he had been convicted, his deferred adjudication would have been revoked, and he would have been convicted of the possession of methamphetamine charges in Texas. Therefore, the fact that he was under supervision in Texas and was facing possible revocation did give him a motive for testifying a certain way in the case in 2010. Even though he can no longer be revoked in Texas, the fact that he testified a certain way in 2010 obviously gives him a motive to testify again the same way in this proceeding. Accordingly, the fact that Frederickson had charges filed against him in Texas, which resulted in a deferred adjudication and which would have resulted in a revocation in Texas had he been convicted of assaulting Brock can be used as impeachment of Frederickson. That the charges related to possession of methamphetamine, however, is not relevant for impeachment purposes and therefore will not be admitted into evidence.

2

For the reasons stated, the motion in limine filed by the United States is GRANTED IN PART and DENIED IN PART. Document #21.

IT IS SO ORDERED this 6th day of November, 2013.

											_____
											J. LEON HOLMES
											UNITED STATES DISTRICT JUDGE